UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND RODRIGUEZ<br>918 Monroe Avenue<br>Scranton, PA 18510<br><br>   Plaintiff,<br><br>  v.<br><br>GRSI GOVERNMENT<br>RESOURCES SOLUTIONS, INC.<br>6720-B Rockledge Drive, Suite 777<br>Bethesda, MD 20817<br><br>   And,<br><br>LOYAL SOURCE GOVERNMENT<br>SERVICES<br>12612 Challenger Parkway<br>Orlando, FL 32826<br><br>   Defendant | JURY DEMANDED<br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

  1.  Plaintiff, Raymond Rodriguez, (hereinafter "Mr. Rodriguez") is an adult individual residing at the above address.

  2.  Defendant, GRSI Government Resources Solutions, Inc., (hereinafter "GRSI") Defendant") is a corporation organized and existing under the laws of Maryland, with a principle place of business at the above address.

  3.  Defendant Loyal Source Government Services, (hereinafter "Loyal Source"), is a corporation organized and existing under the laws of Florida, with a principle place of business at the above address.

4. At all times material hereto, GRSI and Loyal Source, (hereinafter collectively referred to as "Defendants") acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. At all times material hereto, Defendants acted as joint employers of Mr. Rodriguez exercising interlocking control and supervision of him as an employee.

6. Mr. Rodriguez exhausted his administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," and Exhibit "B" true and correct copies of dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

7. This action is instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 and applicable federal and state laws.

8. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**II. Operative Facts.**

10. He was placed to work by Loyal Source at the Tobyhanna Army Depot, located at 11 Hap Arnold Blvd., Tobyhanna, PA 18466.

11. His supervisor at the Tobyhanna Army Depot was Mr. Timothy Bush. Mr. Bush made all the daily decisions at the Tobyhanna Army Depot, including hiring and firing.

12. Mr. Bush's employer was GRSI and therefore, his actions bound GRSI.

13. Immediately, on Mr. Rodriguez's first day, his supervisor Timothy Bush who is a white man who is younger than him made comments that were discriminatory regarding his age, race, and disability.

14. Bush made comments about Mr. Rodriguez being older and about his limp as client has a metal plate in his leg.

15. Bush made comments like he doesn't like an individual resume when it is not clear how old the guy is. Bush said he preferred younger staff.

16. Bush also made comments about Mr. Rodriguez's car and his flags on his car, which reflect his family's Hispanic heritage. Mr. Rodriguez felt humiliated and embarrassed and did not understand what the relevance was to his skills to perform the job.

17. Mr. Rodriguez was the only person of color at his job. Everyone else was Caucasian.

18. Mr. Rodriguez was assigned to fix equipment that was very complex but his tormentors were more concerned with harassing him than ensuring that the medical equipment necessary to save lives especially during a global pandemic was tended to in a timely, competent way.

19. Mr. Rodriguez's supervisor and complicit tormentors would steal his tools preventing him from fixing the equipment when they had not signed out those tools. They would loosen screws once he left, on equipment that he had finished fixing and inspected so he would fail the inspections and look incompetent.

20. Bush accused Mr. Rodriguez of not washing his hands while others walked around with no mask on, implying he was dirty by virtue of being Hispanic.

21. Bush would yell at Mr. Rodriguez frequently to get out of the way, tell him he could not keep up, things were not going to work out for him. Mr. Rodriguez was not able to request assistance and was left on his own.

22. Mr. Rodriguez was singled out and mocked for his Hispanic food and was told that it stunk and to eat it in the back when everyone else could eat together.

23. Mr. Rodriguez documented what happened and complained to the Senior Technician, Human Resources, the Technical Services Manager and the Equipment Specialist. He was told that there was no discrimination found after an internal investigation. Bush was lying about Mr. Rodriguez and gaslighting him during the investigation.

24. Mr. Rodriguez was not notified that he was in close proximity with an employee who had COVID despite the fact that other employees were notified and were given paid days off.

25. Daniel Hicks, his supervisor, or mentor wrote Mr. Rodriguez a letter of recommendation. At some point Bush refused to communicate directly with Mr. Rodriguez and would communicate only with Hicks.

26. On or around May 13, 2021, Mr. Rodriguez was terminated despite never having been warned, or disciplined. When he asked why, Defendant stated that he did not fill out paperwork so that he could travel and work on site repairing machines when Mr. Rodriguez had

never been told of the form beforehand. Bush sent a list of negative things about him which were blatantly false and never previously discussed or addressed.

27. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**RACIAL DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**
**(Against all Defendants)**

28. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

29. Defendant took adverse action against Plaintiff by pervasively discriminating against him based on his gender and race.

30. Plaintiff's status as a Cuban/Puerto Rican male places him in a protected class.

31. Defendant was aware of Plaintiff's membership in a protected class as a Cuban/Puerto Rican male.

32. Plaintiff was subjected to acts of racial harassment while employed with Defendant.

33. Defendant's acts of harassment towards Plaintiff during his employment were based on Plaintiff's membership in the protected class.

5

34. Plaintiff's membership in a protected class was a motivating factor in Defendant's decision to harass Plaintiff.

35. Plaintiff was subjected to racially based harassment from his Supervisor, Bush which detrimentally effected his ability to perform the duties of his job, and which negatively impacted the terms and conditions of his employment.

36. Mr. Rodriguez was singled out and mocked for his Hispanic food and told it stunk and to eat it in the back where everyone else could eat together.

37. This single, extremely severe incident can be used to prove harassment under Title VII.

38. Mr. Rodriguez was terminated and replaced by two younger Caucasian males.

39. As such, Defendant's pervasive harassment of Plaintiff because of his race and his being male is an unlawful employment practice, under 42 U.S.C. § 2000e-2(a).

40. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

42. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys' fees and court

## COUNT II
### TITLE VII – NATIONAL ORIGIN DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))
### (Against all Defendants)

43. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

44. Defendant took adverse action against Mr. Rodriguez through its harassment and the termination of Mr. Rodriguez's employment.

45. Mr. Rodriguez's status as a Hispanic citizen places him in a protected class.

46. Mr. Rodriguez's membership in a protected class was a motivating factor in Defendant's decision to harass and ultimately terminate his employment.

47. Mr. Rodriguez suffered disparate treatment by Defendant, as set forth above.

48. Mr. Rodriguez was terminated and replaced by two younger Caucasian males.

49. As such, Defendant's decision to harass, treat Mr. Rodriguez differently than his United States born co-workers, and ultimately terminate Mr. Rodriguez's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

50. As a proximate result of Defendant's conduct, Mr. Rodriguez sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Rodriguez has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendant, Mr. Rodriguez hereby demands punitive damages.

52. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Mr. Rodriguez demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") - DISCRIMINATION
## (29 U.S.C. § 621 et seq.)
### (Against all Defendants)

53. Plaintiff incorporates all foregoing paragraphs as if fully set forth at length herein.

54. As set forth above, Plaintiff's status as a male over the age of forty (40) places him in a protected class.

55. Defendant took adverse action against Plaintiff by terminating his employment because of his age.

56. Plaintiff's membership in a protected class was the sole factor in Defendant's decision to terminate Plaintiff's employment.

57. As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the ADEA.

58. Any non-discriminatory reasons offered by Defendant for Plaintiff's termination are pretextual.

59. Mr. Rodriguez was terminated and replaced by two younger Caucasian males.

60. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

61. As a result of the willful conduct of Defendant's owners/management, Plaintiff hereby demands liquidated damages.

62. Pursuant to the ADEA, 29 U.S.C. § 621 et. seq., Plaintiff demands attorney's fees and costs.

## COUNT IV
## NEGLIGENT HIRING AND RETENTION
### (Against all Defendants)

63. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

64. Defendants knew or should have known of Mr. Bush's incidents of harassment and complaints made against him by Mr. Rodriguez for harassing and discriminatory conduct.

65. Defendants were aware of these incidents and complaints during Mr. Bush's employment with Defendants.

66. The discrimination/harassment and injuries sustained by Mr. Rodriguez as a result of Mr. Bush's conduct were proximately caused by the negligence and/or recklessness, and/or intentional conduct of the Defendants, by and through their agents and employees, as follows:

a) Failing to properly supervise, instruct, train, engage, control, watch, manage, direct, organize, handle command, and/or take charge of Mr. Bush;

b) Failing to secure the safety of Mr. Rodriguez;

c) Failing to properly train, supervise, control, hire, retain their workforce, specifically Mr. Bush;

d) Failing to exercise reasonable care of their employees;

e) Failing to exercise reasonable care in ensuring that any and all of their employees were not being subjected to discrimination and harassment;

f) Failing to provide timely and/or proper training and/or supervision;

g) Violating the statutes of the Commonwealth of Pennsylvania; and

h) Being otherwise careless and negligent and engaging in tortious conduct under the circumstances and as discovery may disclose.

67. As a direct and proximate result of Defendants' conduct, Plaintiff sustained, physical pain and suffering, mental anguish and humiliation.

68. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

69. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

70.     Pursuant to the Title VII of the Civil Rights Act of 1964, et seq Plaintiff demands attorney's fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Raymond Rodriguez demands judgement in his favor and against Defendants in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY:_____
**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Raymond Rodriguez*

Date:_____

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

06/15/2022
(Date Signed)

Electronically Signed  2022-06-15 15:33:14 UTC - 73.101.222.142
Nintex AssureSign®  74e99ed-cd99-4afd-ad91-aeb500f93e36
Raymond Rodriguez