IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND RODRIGUEZ,<br>**Plaintiff** | No. 3:22cv1362 |
| | (Judge Munley) |
| v. | |
| LOYAL SOURCE GOVERNMENT SERVICES,<br>**Defendant** | |

## MEMORANDUM

Before the court is Plaintiff Raymond Rodriguez's motion for leave to file an amended complaint in this employment discrimination matter. (Doc. 30). Plaintiff's motion to amend follows a motion for sanctions filed by Defendant Loyal Source Government Services pursuant to Federal Rule of Civil Procedure 11 related to plaintiff's date of termination. (Doc. 27). Both motions are ripe for disposition.[1]

**Background**

Plaintiff's complaint asserts claims against his former employer pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and state tort law. (Doc. 1). As alleged, defendant assigned plaintiff to work on

---

[1] The Honorable Robert D. Mariani transferred this action to the undersigned on November 7, 2023.

complex medical equipment at the Tobyhanna Army Depot during the COVID-19 pandemic. (Id., ¶¶ 11, 18).  Defendant assigned plaintiff to work with a supervisor and coworkers alleged to be White or Caucasian. (Id. ¶¶ 13, 17-18).  Plaintiff alleges several instances of alleged discriminatory treatment based on his age, race, and national origin. (Id. ¶ 13-17, 19, 20-22).

The complaint specifically alleges that: "On or around May 13, 2021, Mr. Rodriguez was terminated despite never having been warned, or disciplined [sic]." (Id. ¶ 26).  Regarding the alleged date of termination, defendant answered as follows: "26. Admitted in part, denied in part. It is admitted that, on or about May 13, 2021, Plaintiff was removed from the project at the Tobyhanna Army Depot. The remainder of the allegations contained in Paragraph 26 of Plaintiff's Complaint are denied and strict proof thereof is demanded." (Doc. 9, ¶ 26).

Judge Mariani issued a case management order on February 22, 2023. (Doc. 20).  That order established a discovery deadline of May 23, 2023 and a dispositive motion deadline of July 7, 2023.  (Id.)  The deadlines were not otherwise extended.

Between those deadlines, on June 9, 2023, defendant filed the motion for sanctions. (Doc. 27).  Defendant seeks monetary sanctions based on information it obtained during discovery.  Per e-mails attached to the motion for sanctions, defendant notified plaintiff of his removal from the contract on May 7, 2021, not

2

May 13, 2021. (Doc. 27-1, Exh. C, 05/07/2021 emails, ECF p. 10-17). Plaintiff also used May 13, 2021 as his date of termination during administrative proceedings, not May 7, 2021. In the motion for sanctions, defendant did not request that plaintiff's claim be dismissed. (See Doc. 27). Defendant also did not file a motion for summary judgment before the July 7, 2023 deadline.

On July 26, 2023, plaintiff filed the instant motion for leave to file an amended complaint. (Doc. 30). The proposed amended complaint retains plaintiff's race and national origin discrimination claims under Title VII and age discrimination claim under the ADEA, but replaces the state law negligence claim with a cause of action brought pursuant to 42 U.S.C. § 1981 ("Section 1981"), which prohibits race discrimination in the making and enforcement of contracts. The proposed amended complaint also retains the May 13, 2021 date of termination. (Doc. 30-1, ¶ 24). The parties have briefed their respective positions, bringing this case to its present posture. [2]

---

[2] Plaintiff failed to file a brief in support of his motion to amend in violation of the Local Rules. M.D. PA. L.R. 7.5. Plaintiff, however, filed a reply brief. (Doc. 34). Plaintiff also did not submit a proposed amended complaint that complies with Local Rule 15.1(b), which requires "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." Rather than deem the motion as withdrawn as required by the Local Rules, the court will address the merits of the motion treating the reply brief as the required brief in support. Plaintiff, however, shall comply with all Local Rules moving forward.

3

**Jurisdiction**

Based on the alleged violations of federal law, this court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

On a motion to amend, leave of court or consent of the defendant is required under Federal Rule of Civil Procedure 15(a)(2) when a party seeks to amend a pleading outside of the timeframe when Rule 15(a)(1) allows one amendment as a matter of course. Under Rule 15(a)(2), courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v.

4

Davis, 371 U.S. 178, 182 (1962). Moreover, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006)(citing Foman, 371 U.S. at 182; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)). Prejudice to the non-moving party is the touchstone for denying an amendment. Id. (citing Lorenz, 1 F.3d at 1414)(further citation omitted).

**Analysis**

The court will address plaintiff's motion to amend before turning to defendant's motion for sanctions.

**1. Motion to Amend**

Plaintiff seeks leave of court to file an amended complaint to withdraw his negligence claim and add a cause of action under Section 1981. (Doc. 30). He argues that his Section 1981 claim does not require administrative exhaustion and that the claim relates back to the facts averred in his original complaint supporting his Title VII race discrimination claim. (Id. ¶¶ 11-12, 15).

Plaintiff concedes he filed the motion in response to defendant's motion for sanctions, which raises issues related to the date of plaintiff's termination as he represented to the EEOC in his charge of discrimination and to the court in his complaint. (Doc. 34 at 2). Plaintiff does not hide that the amendment is designed to preserve the action if it is later determined that plaintiff failed to exhaust his

5

administrative remedies regarding his Title VII and ADEA claims. Defendant counters that the request is untimely, combining futility and undue delay arguments. Those considerations are addressed below in turn.

### a. Futility

Defendant argues that plaintiff's Title VII and ADEA claims are time-barred, thus the proposed Section 1981 claim would be a futile amendment because it relates back to the stale causes of action and would otherwise be filed after the statute of limitations applicable to Section 1981 claims.

"In assessing futility [of amendment], the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(citation and internal quotation marks omitted). "By adhering to a Rule 12(b)(6) standard, the court is assured that any new claims, without true merit, will fail." Provenzano v. Integrated Genetics, 22 F.Supp. 2d 406, 411 (D.N.J. 1998) (citations omitted).

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Section 1981 prohibits race-based discrimination in the making and enforcing of contracts. Rivers v. Roadway Exp., Inc., 511 U.S. 298, 302 (1994). To state a claim for race discrimination under Section 1981, as plaintiff proposes, a plaintiff must aver facts supporting the following elements: (1) he is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001); see also Hood v. N.J. Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982) (explaining that "intentional discrimination is a required element of a § 1981 claim"). Additionally, plaintiff's Section 1981 claim is subject to a four-year statute of limitations. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004).

Plaintiff avers he is Hispanic. (Doc. 1, ¶ 16, Doc. 30, Exh. A, ¶ 14). "[C]ourts have treated Hispanic as a race for purposes of § 1981 because Hispanic people are often perceived as non-white." Mojica v. Advance Auto

Parts, Inc., 15-CV-1418, 2016 WL 107844, at *4 (E.D. Pa. Jan. 11, 2016)(citing Petrone v. City of Reading, 541 F. Supp. 735, 738 (E.D. Pa. 1982)); see also Al-Khazraji v. Saint Francis Coll., 784 F.2d 505, 517, n. 14 (3d Cir. 1986), aff'd, 481 U.S. 604 (1987). Plaintiff also avers facts plausibly suggesting intent to discriminate against him based on race and that his discharge was based on race. (Doc. 30, Exh. A. ¶¶ 11, 14-18, 20). Furthermore, the alleged discrimination concerns plaintiff's employment contract with defendant at the Tobyhanna Army Depot. (Id. ¶¶ 8-9). And finally, the claim remains within the statute of limitations.

### b. Undue Delay

Defendant next argues that it is prejudiced by plaintiff's undue delay in seeking amendment. Although delay alone is not sufficient to justify denial of amendment, at some point, delay becomes undue, placing an unwarranted burden on the court and an unfair burden on the opposing party. See Arthur, 434 F.3d at 204 (citing Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001); Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). "[T]he question of undue delay requires that [the court] focus on the movant's reasons for not amending sooner." Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868).

8

The court agrees that the case is not in its infancy, but the delay in seeking amendment does not actually prejudice defendant. The Section 1981 claim is substantially similar to plaintiff's Title VII claims. The same legal framework will be used to test plaintiff's allegations under both claims. Castleberry v. STI Grp., 863 F.3d 259, 263 (3d Cir. 2017)(stating that Section 1981 and Title VII race discrimination cases are reviewed under the McDonnell Douglas burden shifting framework).

Additionally, plaintiff's reasons for the delay have a reasonable explanation. He wished to proceed under Title VII and the ADEA and the parties needed to conduct discovery to explore plaintiff's actual date of termination and his interactions with the EEOC. Plaintiff's motion came only six days after plaintiff was deposed and defendant obtained admissions it believes were favorable to the dismissal of plaintiff's Title VII and ADEA claims. (Doc. 31, Br. in Opp. at p. 3; Exh. C, Dep. of R. Rodriguez 07/20/23 at 150-53). Thus, the motion to amend will be granted.

### 2. Motion for Sanctions

Turning to defendant's motion for sanctions, that motion will be denied. The motion for sanctions is premised on an assertion that the date of termination in the EEOC charge and complaint was incorrect as filed. The court will also

permit plaintiff to correct that date in the amended complaint or assert any additional facts that the date of termination was correct as originally filed.

"Generally, [Rule 11] sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritous [sic] or frivolous." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991). In its reply brief, defendant concedes that it was "[p]laintiff's own error" and "his own faulty memory" that led to any discrepancy over the date of termination. (Doc. 34 at 2). The court concludes that sanctions are not warranted under these circumstances.

**Conclusion**

For the reasons set forth above, plaintiff's motion for leave to file an amended complaint (Doc. 30) is granted. Within the next seven (7) days, plaintiff shall file an amended complaint withdrawing the state law negligence claim and asserting the Section 1981 claim as attached to its motion. (Id., ECF p. 6-17). The court will also permit plaintiff to plead that his date of termination was May 7, 2021 or any additional facts supporting a termination date of May 13, 2021. Defendant shall file an answer or responsive pleading within the timeframes established by the Federal Rules of Civil Procedures. Additionally, because a new claim is being asserted, the court will reestablish case management

deadlines. Defendant's motion for sanctions (Doc. 27) is denied. An appropriate order follows.

Date: 4/25/24

JUDGE JULIA K. MUNLEY
United States District Court